People v Margolis (2020 NY Slip Op 51494(U))

[*1]

People v Margolis (Amy)

2020 NY Slip Op 51494(U) [70 Misc 3d 127(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-525 S CR

The People of the State of New York,
Respondent,
against
Amy Margolis, Appellant. 

Amy Margolis, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John Reilly, J.H.O.), rendered December 4, 2018. The judgment
convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in two simplified traffic informations with, respectively, speeding
(Vehicle and Traffic Law § 1180 [d]) and failure to dim headlights (Vehicle and Traffic
Law § 375 [3]). A nonjury trial was conducted at which the officer who ticketed defendant
and defendant herself were the only testifying witnesses. At the trial's conclusion, the court
convicted defendant of speeding, acquitted her of failure to dim headlights, and sentenced her to
pay a fine.
On appeal, defendant argues, in effect, that her conviction was against the weight of the trial
evidence. After carefully "weigh[ing] the relative probative forces of conflicting testimony and
the relative strength of conflicting inferences that may be drawn from the testimony" and
according "great deference . . . to the factfinder's opportunity to view the witnesses, hear their
testimony, and observe their demeanor" (People v Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U],
*2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), we affirm the judgment of
conviction.
At the trial, the police officer testified that he was certified in the police academy to be [*2]accurate with his estimates of the speed of moving vehicles to
within three miles per hour (mph). He observed defendant's vehicle and estimated its speed to be
46 mph, which was faster than the two posted 30 mph signs defendant had passed. He paced
defendant's vehicle, for approximately 600-800 feet while driving at 48 mph. Defendant's trial
testimony, that she was driving only 34 mph, was nevertheless an admission to driving faster
than the posted speed limit. Defendant, by her pro se appellate arguments, seeks to relitigate the
trial. However, the District Court's thoughtful reasoning for acquitting defendant of the failure to
dim headlights charge, while convicting her of speeding, convinces us "that the trier of fact has
given the evidence the weight it should be accorded, [and consequently] the verdict should not be
disturbed" (id.; see People v
Danielson, 9 NY3d 342 [2007]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020